# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 05-0074 |
| vs. | **REPORT AND RECOMMENDATION** |
| ABDEL MAGEED FADL, | |
| Defendant. | |

_____

This matter comes before the court pursuant to defendant's June 21, 2006 motion to set aside guilty plea (docket number 33). This matter was referred to the undersigned United States Magistrate Judge for the issuance of a report and recommendation. As set forth below it is recommended that defendant's motion be denied.

## MOTION TO SET ASIDE GUILTY PLEA

Defendant is charged with multiple incidents of producing child pornography between 2001 and 2005 in violation of 18 U.S.C. § 2251(a) & (e). Defendant entered into a plea agreement with the government on October 3, 2005 and pleaded guilty that day. He now claims that the government failed to correctly state the law in the indictment and in the plea agreement. The defendant also argues that the plea was not supported by an adequate factual basis to find that he "knowingly" transported the illicit digital images in interstate commerce. Finally, the defendant contends that the government's interpretation of the statutory provisions at bar violates the Equal Protection Clause of the Constitution. The government resists defendant's motion, arguing that the defendant failed to carry his burden to allege a fair and just reason to set aside his guilty plea.

## RELEVANT UNDISPUTED MATERIAL FACTS

Beginning as early as 2003, and continuing through 2005,[1] defendant Abdel Mageed Fadl ("Fadl") "solicited and used minor boys between the ages of 14 and 17 to engage in sexually explicit conduct for the purpose of producing digital photographs of that conduct." Plea Agreement § 24(A). The web camera, Olympus digital camera, and personal Compaq computer that Fadl used to record the child pornography were "manufactured outside the state of Iowa and had traveled in interstate and/or foreign commerce before being used by [the] defendant . . . ." Id. at § 24(B).

## CONCLUSIONS OF LAW

While Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw or set aside his plea for any fair and just reason, the Rule "does not create an automatic right to withdraw a plea." U.S. v. Gamble, 327 F.3d 662, 663 (8th Cir. 2003) (quoting U.S. v. Kelly, 18 F.3d 612, 618 (8th Cir. 1994)). Rather, "[a] defendant bears the burden of establishing such a justification." U.S. v. Embrey, 250 F.3d 1181, 1183 (8th Cir. 2001) (citing U.S. v. Prior, 107 F.3d 654, 657 (8th Cir. 1997)). Factors a court must consider in determining whether to set aside a guilty plea include: (1) whether the defendant has demonstrated a fair and just reason; (2) whether the defendant has asserted his innocence; (3) the length of time between the guilty plea and the motion to withdraw; and (4) whether the government would be prejudiced. Embrey, 250 F.3d at 1183 (citing Prior, 107 F.3d at 657).

The first factor is whether the defendant has demonstrated a fair and just reason to set aside his guilty plea. Defendant argues that the wording of the indictment, in light of the facts, fails to satisfy the elements of 18 U.S.C. § 2251(a). This court believes that the

---

[1] The defendant stipulated that he photographed seven minor boys engaged in explicit sexual acts between 2001 and the Spring of 2005. See Plea Agreement § 24(D)(1)-(6).

defendant misconstrues the wording of the statutory provision. The relevant wording at issue is as follows:

> . . . shall be punished as provided under subsection (e), *if* such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, *if* that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, *or if* such visual depiction has actually been transported in interstate or foreign commerce or mailed.

18 U.S.C. § 2251(a) (emphasis added). Defendant claims that the first two "if" clauses mentioned above are required and that no record evidence exists to support either one. However, a proper reading of the statute identifies these "if" statements as independent clauses separated by the word "or." The fulfillment of any of these three clauses then results in a correct application of § 2251(a). Therefore, it is irrelevant that defendant did not "know" or "have reason to know" that the digital depictions would be transported in interstate commerce because he stipulated to having produced the depictions using equipment that did at some time cross state lines, thereby satisfying the second "if" prong of § 2251(a).

Defendant further argues that the subtle tense change employed by the government in the indictment from § 2251(a) as-written alters the meaning of the provision. This court disagrees. Defendant misconstrues the secondary "if" prong noted above to mean that a person must first produce the exploitative depiction and then transport the associated equipment containing these depictions across state borders commercially. Defendant points to case law from the Eleventh Circuit Court of Appeals in support if this reading where empty disks that crossed state lines prior to exploitation failed to constitute interstate commerce in violation of the child pornography statute. See U.S. v. Maxwell, 386 F.3d 1042, 1067-68 (11th Cir. 2004) (holding that § 2252(a) proved unconstitutional as applied to the conduct of defendant).

3

This court considers defendant's characterization of § 2251(a) to be unpersuasive. The case cited by the defendant was overturned by the Eleventh Circuit Court of Appeals two years later in light of the Supreme Court's Decision in Gonzales v Raich, 545 U.S. 1 (2005). The Court held that "there was a rational basis for Congress to determine 'that [even] the local production and possession of child pornography substantially affect interstate commerce'" such that § 2251(a) applies. U.S v. Maxwell, 446 F.3d 1210, 1219 (11th Cir. 2006) (quoting U.S. v. Forrest, 429 F.3d 73, 78 (4th Cir. 2005)). Thus, whether the indictment describes that defendant produced illicit photographs using materials that "have been mailed" or "had been shipped" in interstate commerce does not change the meaning or purpose of legislation designed to curb the making of child pornography where foreign technological equipment was utilized at some point.

The Eighth Circuit Court of Appeals has repeatedly upheld the conviction of defendants for producing pornographic depictions of children with the aid of technological equipment that had been transported in interstate commerce. See, e.g., U.S v. Hoggard, 254 F.3d 744, 746 (8th Cir. 2001) (noting the use of film and a camera that once traveled across interstate lines); U.S. v. Hampton, 260 F.3d 832, 834 (8th Cir. 2001) (noting the use of video tapes manufactured outside the host state of Missouri); U.S. v. Mugan, 441 F.3d 622, 628 (8th Cir. 2006) (pointing to "proof that the offending images were stored on a digital memory card previously transported in interstate commerce").

Defendant's Equal Protection Clause challenge arguing that child pornographers residing in the same state where their electronic equipment is manufactured would not be subject to criminal responsibility under § 2251(a) is also without merit. Such a constitutional challenge does not survive the required two-part analysis: (1) whether the legislation disadvantages a "suspect class" or impinges upon a constitutionally protected "fundamental right"; and (2) if not, whether the legislation "'rationally furthers some legitimate, articulated state purpose.'" Maher v. Roe, 432 U.S. 464 (1977) (quoting San Antonio Sch. Dist. v. Rodriguez, 411 U.S. 1, 17 (1973)).

Child pornographers who utilize materials that have traveled in interstate commerce to produce illicit depictions do not constitute a suspect class. See City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440-41 (1985) (itemizing race, alienage, national origin, and gender as suspect classes that demand heightened judicial scrutiny). The production of child pornography is not recognized as a fundamental right protected implicitly or explicitly under the Constitution. See N.Y. v. Ferber, 458 U.S. 747, 763 (1982). In addition, the government clearly maintains a legitimate interest in preventing the production of child pornography. The Eighth Circuit Court of Appeals determined that U.S. v. Bausch, 140 F.3d 739 (8th Cir. 1998), "continues to control the constitutionality of federal criminalization of child pornography produced with materials that have traveled in interstate commerce." Hampton, 260 F.3d at 834. Therefore, congressional regulation of child pornography as a valid exercise of the Commerce Clause does not violate the Equal Protection Clause because § 2251(a) does not affect a "suspect" class and passes rational basis review.

Federal Rule of Criminal Procedure 11(b)(3) provides that the "the court must determine there is a factual basis for the plea" prior to entering judgment on a plea of guilty. To determine whether a sufficient factual basis for the plea exists, the court may consider "facts gathered from the prosecutor's summarization of the plea agreement and the language of the plea agreement itself, a colloquy between the defendant and the district court, and the stipulated facts before the district court." U.S. v. Brown, 331 F.3d 591, 595 (8th Cir. 2003) (internal citations omitted).

The court has listened to an electronic recording of the plea hearing and determines that the record reflects a sufficient factual basis to support a guilty plea. Defendant signed the Plea Agreement, initialed Paragraph 24(A)-(D) including all subparts thereof, and further pledged under oath that all facts set forth in that document were "true and accurate." Defendant's current legal counsel, Mr. Mollman, represented defendant at the plea hearing at which time he agreed that the facts supported a guilty plea. Furthermore,

5

Mr. Mollman waived objections to this Court's Report and Recommendation regarding defendant's guilty plea filed directly after that hearing. This court specifically told the defendant about the consequences of pleading guilty on his pending motion to dismiss the indictment: "nobody, no judge, no court, anywhere is ever going to consider that motion ever again." Despite warnings that it would be extremely unlikely that he would ever be permitted to withdraw the guilty plea, the defendant voluntarily entered a plea of guilty.

Because there appeared to be "'sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense,'" the defendant's guilty plea conforms to the Rule 11 requirements. U.S. v. Nelson, 109 F.3d 1323, 1325 (8th Cir. 1997) (quoting White v. United States, 858 F.2d 416, 423 (8th Cir. 1988)). The Eighth Circuit Court of Appeals has held that a defendant's failure to provide a fair and just reason for withdrawal of a guilty plea effectively ends the inquiry and the court need not consider the remaining three Embrey-type factors of analysis. See U.S. v. Abdullah, 947 F.2d 306, 311 (8th Cir. 1991). However, consideration of the remaining analytical factors further demonstrates that defendant's motion to set aside guilty plea should be denied.

The second factor is whether defendant asserted his innocence. At the guilty plea hearing, this court thoroughly questioned Fadl as to his understanding and acceptance of those facts stipulated under the Plea Agreement. This court outlined in detail the elements of the charges that the government would have to prove at trial, including, but not limited to, the use of photographic equipment transported in interstate commerce. Defendant agreed that his attorney, Mr. Mollman, satisfactorily explained the nature of the charges against him and the likelihood of a conviction at trial. Mr. Mollman said that he had discussed the interstate commerce requirement at length with the defendant. Fadl offered an informed and voluntary plea of guilty, but now maintains that his interpretation of § 2251(a) demonstrate's the government's failure to establish legal guilt. This court follows the Eighth Circuit Court of Appeals' finding that the "'mere assertion of

6

innocence, absent a substantial supporting record[,] will not be sufficient to overturn a denial of a motion to withdraw.'" U.S. v. Ludwig, 972 F.2d 948, 951 (8th Cir. 1992) (quoting U.S. v. Clark, 931 F.2d 292, 295 (5th Cir. 1991)). Because the record supports a sufficient factual basis for a guilty plea and defendant has failed to provide other facts or circumstances to the contrary that reach the threshold of "substantial" support, the defendant does not fulfill the second factor.

The third factor is the length of time between the guilty plea and the motion to withdraw. The guilty plea hearing was held on October 3, 2005 and the plea was accepted by the court without objection on that same day. The Draft Presentence Investigation Report was submitted on May 30, 2006. Defendant filed his motion to set aside his guilty plea on June 21, 2006. The court made elaborate findings of fact at the conclusion of the plea hearing and defendant waived any objections thereto. This court believes that the defendant now appears to have second thoughts as to his earlier plea of guilty and follows the Eighth Circuit Court of Appeals' holding that a "plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same." U.S. v. Woosley, 440 F.2d 1280, 1281 (8th Cir. 1971).

The fourth factor is whether the government would be prejudiced in allowing defendant to set aside his guilty plea. The court can find no particular prejudice to the government from allowing defendant to set aside his plea other than requiring the government to now prepare for trial when defendant had previously waived his jury trial rights.

After considering all of the factors set forth above, **IT IS RECOMMENDED**, unless any party files objections[2] to the Report and Recommendation within ten (10) days

---

[2] Any party who objects to this Report and Recommendation must serve and file specific, written objections within ten (10) court days from this date. A party objecting to the Report and Recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.

of the date of the Report and Recommendation, that the defendant's motion to set aside guilty plea (docket number 33) and request for a hearing on this matter be denied.

July 13, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT