# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ABDEL MAGEED FADL,

    Defendant.

No. 05-CR-0074-LRR

**ORDER**

*TABLE OF CONTENTS*

*I.   INTRODUCTION* .................................. *2*

*II.  PRIOR PROCEEDINGS* ............................. *2*

*III. STANDARD OF REVIEW* ............................ *2*

*IV.  THE LAW* ....................................... *3*

*V.   THE MERITS* .................................... *4*
   *A.  A Fair and Just Reason* ................... *4*
      *1.  Factual basis for the guilty plea* .... *5*
         *a.  "If" clauses in § 2251(a)* ........ *8*
         *b.  "Have been" versus "had been"* .... *10*
      *2.  Equal Protection Clause* .............. *13*
      *3.  Conclusion* ........................... *15*
   *B.  Defendant's Assertion of Innocence* ....... *16*
   *C.  Time between Guilty Plea and Motion to Withdraw* ........... *17*
   *D.  Prejudice to the Government* .............. *18*
   *E.  Conclusion* ............................... *19*

*VI.  DISPOSITION* ................................... *19*

## I. INTRODUCTION

Before the court are Defendant Abdel Mageed Fadl's Objections (docket no. 45) to United States Magistrate Judge John A. Jarvey's Report and Recommendation (docket no. 35), which recommends denying Defendant's Motion to Set Aside Guilty Plea ("Motion") (docket no. 33).

## II. PRIOR PROCEEDINGS

On August 23, 2005, Defendant was charged in a one-count Indictment with sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) and (e).

On October 3, 2005, Defendant appeared before Magistrate Judge Jarvey and entered his guilty plea to Count 1 of the indictment; Magistrate Judge Jarvey filed a Report and Recommendation which recommended that the court accept Defendant's guilty plea; and Defendant waived his right to file objections to the Report and Recommendation regarding the guilty plea. Defendant did not file any such objections. On October 6, 2005, the court adopted Magistrate Judge Jarvey's Report and Recommendation and accepted Defendant's guilty plea to Count 1 of the Indictment.

On May 26, 2006, the United States Probation Office filed the Final Presentence Investigation Report. On June 21, 2006, Defendant filed the instant Motion. On June 28, 2006, the government filed a Resistance. Defendant's Motion was referred to Magistrate Judge Jarvey for the purpose of preparing a Report and Recommendation. On July 13, 2006, Judge Jarvey filed the instant Report and Recommendation. On July 27, 2006, Defendant filed the instant Objections to the Report and Recommendation.

## III. STANDARD OF REVIEW

A district court judge must make a *de novo* determination of those portions of a magistrate judge's report or recommendation to which a party objects. 28 U.S.C. § 636(b)(1); *see, e.g., United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The

2

judge may accept, reject or modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1). Because Defendant has made timely and specific objections in this case, the following *de novo* review is required. *Id.*

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

### *IV. THE LAW*

Federal Rule of Criminal Procedure 11 allows a defendant to withdraw a plea of guilty "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Although Federal Rule of Criminal Procedure 11(d)(2) permits a defendant to withdraw a guilty plea for any fair and just reason, the Rule "'does not create an automatic right to withdraw a plea.'" *United States v. Gamble*, 327 F.3d 662, 663 (8th Cir. 2003) (quoting *United States v. Kelly*, 18 F.3d 612, 618 (8th Cir. 1994)). Rather, "[a] defendant bears the burden of establishing such a justification." *United States v. Embrey*, 250 F.3d 1181, 1183 (8th Cir. 2001) (citing *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997)).

3

> Once the judgment of conviction on a guilty plea becomes final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. To be voluntary, the plea must be knowingly and intelligently made. A plea is not 'intelligent' unless the defendant receives 'real notice of the true nature of the charge against him,' and the defendant, his attorney, and the court correctly understood the essential elements of the crime.

*United States v. Morgan*, 230 F.3d 1067, 1070-71 (8th Cir. 2000) (internal citations omitted). Factors a court must consider in determining whether to withdraw a guilty plea include: (1) whether the defendant has demonstrated a fair and just reason; (2) whether the defendant has asserted his innocence; (3) the length of time between the guilty plea and the motion to withdraw; and (4) whether the government would be prejudiced. *Embrey*, 250 F.3d at 1183 (citing *Prior*, 107 F.3d at 657).

## V. THE MERITS[1]

### A. A Fair and Just Reason

The first factor the court must consider in determining whether Defendant should be allowed to withdraw his guilty plea is whether Defendant has demonstrated a fair and just reason to withdraw it. *Embrey*, 250 F.3d at 1183. Defendant contends that the fair and just reasons are that there was no factual basis for his guilty plea and the government's interpretation of § 2251(a) violates the Equal Protection Clause of the United States Constitution.

---

[1] The court examines each of the arguments made by Defendant in his Motion, because the Objections to the Report and Recommendation are vague and appear to challenge the entirety of the Report and Recommendation.

### 1. *Factual basis for the guilty plea*

Federal Rule of Criminal Procedure 11(b)(3) requires that there be a sufficient factual basis for the plea prior to entering judgment on a plea of guilty. When determining whether a sufficient factual basis exists for a guilty plea, a court may consider "facts gathered from the prosecutor's summarization of the plea agreement and the language of the plea agreement itself, a colloquy between the defendant and the district court, and the stipulated facts before the district court." *United States v. Brown,* 331 F.3d 591, 595 (8th Cir. 2003) (citations and quotations omitted). Under Rule 11, a factual basis is defined as "sufficient evidence at the time of the plea upon which a court may reasonably determine that a defendant likely committed the offense." *White v. United States,* 858 F.2d 416, 423 (8th Cir. 1988) (quotation and citation omitted).

Section 2251(a) provides:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct shall be punished as provided under subsection (e), *if* such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, *if* that visual depiction was produced using materials that *have been* mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, *or if* such visual depiction has actually been transported in interstate or foreign commerce or mailed.

18 U.S.C. § 2251(a) (emphasis added).

In order for a plea of guilty to sexual exploitation of a child to be accepted, the facts agreed upon in the plea agreement and at the plea hearing must satisfy the following elements:

> *One*, in or about late 2004, the person referenced in Count 1 was under the age of eighteen years;
>
> *Two*, the defendant used, persuaded, induced, enticed, or coerced the person to engage in sexually explicit conduct;
>
> *Three*, the defendant voluntarily and intentionally did this for the purpose of producing a visual depiction of such conduct; and
>
> *Four*, a) the defendant knew or had reason to know that the visual depiction would be mailed or transported across state lines; or
>
> b) the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines; or
>
> c) the visual depiction was mailed or actually transported across state lines.

18 U.S.C. § 2251(a); *see also* Ninth Circuit Manual of Model Criminal Jury Instruction 8.150 (2006).

Defendant initialed the factual stipulation portion of the plea agreement (paragraph 24(A)-(D) and subparagraphs 24(D)(1) to (6)), signed the plea agreement and pledged under oath that all facts set forth in the document were true. At the time Defendant signed the plea agreement and entered his guilty plea, he was represented by Attorney Michael Mollman. Mr. Mollman agreed at the plea hearing that the facts supported a guilty plea. When asked if he had reviewed the discovery materials in the case, Mr. Mollman responded:

> Yes, Your Honor, and I've also met with the agents, and I've had an opportunity to review certain pictures, and I'm satisfied that if we went to trial, that there's a great chance that [Defendant] would be convicted and that ultimately there will be a factual basis for the plea today.

October 3, 2005 Plea Hearing Transcript at 5-6 [hereinafter "Tr."]. At the plea hearing, Magistrate Judge Jarvey, Mr. Mollman and Defendant discussed the plea agreement:

> THE COURT: I see the initials "MF" in front of each of these paragraphs; did you put those there?
>
> DEFENDANT: Yes.
>
> THE COURT: Did you put them there to indicate that you both understood and agreed with each of the paragraphs?
>
> DEFENDANT: Yes.
>
> \* \* \*
>
> THE COURT: You understand, sir, that you are pleading guilty to an offense that says from at least as early as 2003 and continuing into 2005 that you solicited and used minor boys between the ages of 14 and 17 to engage in sexually explicit conduct for the purpose of producing digital photographs of that conduct?
>
> DEFENDANT: Yes.
>
> \* \* \*
>
> THE COURT: Mr. Mollman, did the discovery materials—you said they also supported a factual basis for the plea?
>
> MR. MOLLMAN: Yes, Your Honor.

*Id.* at 7, 10.

Here, the facts Defendant admitted are sufficient to satisfy each of the four elements of § 2251(a). The court finds that a sufficient factual basis for a guilty plea exists.

### a. "If" clauses in § 2251(a)

Defendant takes issue with the elements the court has set forth above. He claims that his guilty plea cannot stand because § 2251(a) requires that he knew or had reason to know that the visual depiction would be transported in interstate commerce or mailed *and* that the visual depiction was produced using materials that had traveled in interstate commerce. That is, Defendant argues that the admitted facts were not sufficient because they do not satisfy the first two "if" clauses of the statute. Defendant claims that there was no factual basis in his plea agreement or at the guilty plea hearing to support a conviction under the statute.

The court finds that these three "if" clauses in § 2251(a) are independent clauses because they are separated by the disjunctive word "or." As such, the facts must only satisfy one of the three "if" clauses in § 2251(a); each "if" clause provides a separate and independent basis for conviction under § 2251(a). In other words, § 2251(a) does not require that Defendant "know" or "have reason to know" that the digital depiction he produced would be transported across state lines.

In the plea agreement, Defendant agreed that between early 2003 and 2005, he "solicited and used minor boys between the ages of 14 and 17 to engage in sexually explicit conduct for the purpose of producing digital photographs of that conduct." Plea Agreement at ¶ 24(A). He agrees that the devices he used to manufacture the child pornography, namely, a web camera, a digital camera and a personal computer, were "manufactured outside the state of Iowa and had traveled in interstate and/or foreign commerce before being used by [him] . . . ." *Id.* at ¶ 24(B).

The court finds that Defendant's factual basis satisfied the elements of § 2251(a) because the facts need only satisfy one of the three independent clauses, one of which is that images were produced "using materials that have been mailed, shipped, or transported in interstate . . . commerce by any means . . . ." 18 U.S.C. § 2251(a). Because Defendant stipulated to producing the depictions using equipment that crossed state lines at some point in time prior to the production, the facts satisfy the statutory elements. The agreed-upon facts in the plea agreement satisfy the second "if" prong of § 2251(a).

Additionally, Defendant had several opportunities at the plea hearing to discuss the elements of the crime with his attorney and with Magistrate Judge Jarvey. Magistrate Judge Jarvey specifically discussed the elements with Defendant and Mr. Mollman advised the court that he and Defendant had discussed the fourth element that is in dispute in the instant Motion:

> THE COURT: Had this matter gone to trial, the Government would have to prove four things before you could be found guilty; each of these things would have to be proved with evidence that was convincing beyond a reasonable doubt. First they'd have to prove that in late 2004, here in the Northern District of Iowa, that you used, persuaded, induced, coerced or attempted to use, persuade, induce, or coerce a person to engage in sexually explicit conduct; second, they'd have to prove that at the time the person—the victim in this case was under the age of 18; third, they'd have to prove that you did this for the purpose of producing a visual depiction of such conduct; and fourth, that you produced the visual depiction using materials, a digital

9

|              |                                                                                                                                                                                                                                                                                                                      |
|--------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|              | camera and a computer, which had been transported in interstate and foreign commerce. Do you understand what they'd have to prove before you could be found guilty? |
| DEFENDANT:   | Yes.                                                                                                                                                                                                                                                                                                                 |
| THE COURT:   | Are these the kinds of things that you've discussed with your lawyer?                                                                                                                                                                                                                                                |
| DEFENDANT:   | Yes.                                                                                                                                                                                                                                                                                                                 |
| THE COURT:   | Mr. Mollman, you're satisfied that he understands the elements of this offense?                                                                                                                                                                                                                                      |
| MR. MOLLMAN  | Yes, Your Honor. I spent quite a bit of time explaining to him interstate commerce and how this becomes federal. Also explained to him particulars in terms of age and use of the camera and that this was a production where he actually produced the pornography, and that's why it was as serious an offense as it was. |
| THE COURT:   | Is that right, Mr. Fadl?                                                                                                                                                                                                                                                                                             |
| DEFENDANT:   | Yes.                                                                                                                                                                                                                                                                                                                 |

Tr. at 8-9.

Defendant has failed to show how the factual basis in the plea agreement is lacking and the court rejects Defendant's argument regarding the "if" clauses in § 2251(a).

### b. *"Have been" versus "had been"*

Defendant also argues that the government changed the tense of § 2251(a) in the indictment, and thus, altered the meaning of the provision.

Count 1 of the Indictment reads, in part: "Defendant caused the photographs to be produced using a digital camera and a computer, each of which *had been* shipped and transported in interstate and foreign commerce." (emphasis added). The words "have been" are used in the statute. It provides that certain individuals shall be punished if they involve minors in the production of sexually explicit visual depictions

> if th[e] visual depiction was produced using materials that *have been* mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer . . . .

18 U.S.C. § 2251(a) (emphasis added). Defendant contends that the government's use of the words "had been" rather than "have been" in the Indictment is significant and changes the intended sequence of the law. Defendant argues that, in order to violate § 2251(a), a person must first produce the exploitative depiction and then transport the depiction across state borders commercially.

The tense change employed by the government in the Indictment does not change the meaning or purpose of § 2251(a), i.e., preventing the production of child pornography. It is irrelevant whether the materials that were used to produce the digital depictions were transported in interstate commerce before or after the production of the images. In *United States v. Mugan,* 441 F.3d 622 (8th Cir. 2006), the Eighth Circuit Court of Appeals recently upheld a conviction under §§ 2251(a) and 2252A(a)(5)(B)[2] where the defendant

---

[2] Section 2252A prohibits possession of child pornography:

> Any person who— . . . knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or
>
> (continued…)

11

stored sexually explicit photographs of a minor on a digital memory card. *Mugan*, 441 F.3d at 625-26. The memory card had previously been shipped in interstate commerce, but the defendant did not transport or intend to transport the photographs in interstate commerce. *Id*. The Eighth Circuit Court of Appeals determined that because the images were produced using a "digital memory card previously transported in interstate commerce," the convictions were not constitutionally infirm. *Id*. at 628.

The fact that the indictment uses the words "had been" is not significant. *See* Ninth Circuit Model Criminal Jury Instruction 8.150 (2006) (using the phrase "had been" in third element of instruction regarding § 2251(a)); *see also United States v. Hampton*, 260 F.3d 832, 834 (8th Cir. 2001) (upholding conviction under §§ 2251(a) and 2252(a)(4)(B) where the defendant used videotapes that had been manufactured out of state to produce child pornography); *United States v. Hoggard*, 254 F.3d 744, 746 (8th Cir. 2001) (upholding conviction under § 2251(b) where the defendant used film and a camera that had been transported in interstate commerce to produce visual depictions); *United States v. Bausch*, 140 F.3d 739, 741 (8th Cir. 1998) (upholding conviction under § 2252(a)(4)(B) where the defendant used a camera that had been manufactured in Japan and transported in interstate commerce to take sexually explicit photographs of minors).

The court finds that the tense used in the indictment was appropriate and does nothing to make the indictment invalid or the factual stipulation inadequate. As such, Defendant has not shown a fair and just reason for withdrawal of his guilty plea.

---

[2](…continued)
>that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer . . . .

18 U.S.C. § 2252A(a)(5)(B).

## 2. *Equal Protection Clause*

Defendant next contends that the classification at issue lacks a rational basis. He argues that citizens of states that lack certain manufacturing facilities who may become federal "child pornographers" by virtue of their state residency is a classification scheme that lacks rational basis.

In order to violate the Equal Protection Clause, legislation must either disadvantage a suspect class or "impinge[] upon a fundamental right . . . protected by the Constitution." *Maher v. Roe*, 432 U.S. 464, 470 (1977) (citation and quotation omitted). The Supreme Court treats certain classifications as "suspect" when a classification is "more likely than [other classifications] to reflect deep-seated prejudice rather than legislative rationality in pursuit of some legitimate objective." *Plyler v. Doe*, 457 U.S. 202, 217 n.14 (1982). A classification based on race is the quintessential example of a suspect class. *See Kohlbek v. City of Omaha*, 447 F.3d 552, 555 (8th Cir. 2006) ("We apply strict scrutiny to all governmental distinctions on the basis of race."). Defendant has not cited nor is the court aware of any authority which deems child pornographers a suspect class.[3]

Additionally, the court is unaware of any fundamental right that is impinged by the child pornography statutes. The Supreme Court has never held that the production of child pornography is a fundamental right protected under the Constitution. *See New York v. Ferber*, 458 U.S. 747, 763-64 (1982) (explaining that, so long as the proscribed conduct

---

[3] Paragraph 4 of Defendants Objections is confusing. Defendant states: "Defendant does not assert that 'child pornography' is a suspect class . . . . However, Defendant does assert that the suspect class is citizens of a particular State lacking certain manufacturing facilities who may become federal 'child pornographers' under 18 U.S.C. § 2251 simply by virtue of their State of residency, and that such a classification scheme lacks a rational basis."

is adequately defined by the legislation, child pornography is not entitled to First Amendment protection).

If there is no suspect class involved or fundamental right at stake, "the (legislative) scheme must still be examined to determine whether it rationally furthers some legitimate, articulated state purpose and therefore does not constitute an invidious discrimination . . . ." *Maher*, 432 U.S. at 470 (citation and quotation omitted); *see Vasquez-Velezmoro v. INS*, 281 F.3d 693, 697 (8th Cir. 2002) (providing that an equal protection claim is analyzed under a "deferential rational basis standard" when the petitioner is not a member of a suspect class or otherwise entitled to heightened scrutiny).

Citizens who live in states that lack certain manufacturing facilities are not one of the suspect classes identified by the Supreme Court. There is no deep seated prejudice against these citizens. *See Plyler*, 475 U.S. at 217, n.4. Moreover, the government is pursuing a legitimate objective by attempting to prevent the production of child pornography. *See Mugan,* 441 F.3d at 630 (upholding constitutionality of § 2251(a) and stating that "[g]iven the congressional findings about the nationwide child pornography market and its dependence upon locally produced materials for both supply and demand, [defendant] is not entitled to prevail on his constitutional arguments"); *Hampton*, 260 F.3d at 834 (upholding "constitutionality of federal criminalization of child pornography produced with materials that have traveled in interstate commerce"); *Hoggard*, 254 F.3d at 746 (upholding constitutionality of § 2251(b) because the statute "contain[s] an express jurisdictional element, requiring the government to prove, in each case, a concrete connection with interstate commerce"); *Bausch*, 140 F.3d at 741 (upholding the constitutionality of § 2252(a)(4)(B) when the defendant used a Japanese camera that had been transported in interstate commerce to take photographs of minors engaged in sexually explicit conduct). In sum, § 2251(a) does not violate the Equal Protection Clause, because

it does not involve a suspect class or impinge upon a fundamental right and because it furthers a legitimate government objective.

   *3.   Conclusion*

The court notes that, before Defendant pled guilty, he considered the arguments contained in the instant Motion and chose not to pursue them.  On September 12, 2005, Defendant filed a Motion to Dismiss.  Defendant made arguments regarding lack of jurisdiction and interstate commerce, as he does in the instant Motion.  On October 4, 2005, Magistrate Judge Jarvey entered an order dismissing Defendant's Motion to Dismiss as moot, due to his guilty plea.   At the plea hearing, Defendant acknowledged that the arguments made in the Motion to Dismiss would not be considered by the court:

| | |
|---|---|
| THE COURT: | Do you understand the rights that would attach at a trial as I've just explained them to you? |
| DEFENDANT: | Yes. |
| THE COURT: | You understand that by entering this plea of guilty you waive or give up all the rights to a trial that I've just described to you? |
| DEFENDANT: | Yes. |
| THE COURT: | There will be no more hearings in this court except those necessary to determine your punishment; do you understand that? |
| DEFENDANT: | Yes. |
| THE COURT: | And you know what the word "voluntary" means? |
| DEFENDANT: | Yes. |
| THE COURT: | Do you believe that your decision to plead guilty is a voluntary decision? |

| | | |
|---|---|---|
| DEFENDANT: | Yes. | |
| THE COURT: | Given the circumstances that you now find yourself in, do you think that it's in your best interest to plead guilty? | |
| DEFENDANT: | Yes, sir. | |
| | * * * | |
| THE COURT: | And you do have a pending motion to dismiss the Indictment. You understand that if you plead guilty here, nobody, no judge, no court anywhere is ever going to consider that motion ever again? | |
| DEFENDANT: | Yes. | |
| | * * * | |
| THE COURT: | Do you still want to plead guilty? | |
| DEFENDANT: | Yes. | |
| THE COURT: | Do you understand that if you plead guilty, it is extremely unlikely that you will ever be allowed to withdraw that plea? | |
| DEFENDANT: | Yes. | |

Tr. at 17-20. Defendant's concession of the arguments made in the Motion to Dismiss at the plea hearing confirms the court's conclusion that Defendant has not met his burden of showing a fair and just reason to withdraw the guilty plea. Accordingly, the first factor is not satisfied.

### B. *Defendant's Assertion of Innocence*

The second factor to consider in determining whether Defendant should be allowed to withdraw his guilty plea is whether Defendant asserted his innocence. *Embrey*, 250 F.3d at 1183. At the plea hearing, Defendant voluntarily entered a plea of guilty. The

16

court questioned Defendant regarding his understanding and acceptance of the facts stipulated under the Plea Agreement. The court outlined the elements of the charges the government would have to prove at trial including the use of equipment transported in interstate commerce. Defendant agreed that his attorney, Mr. Mollman, satisfactorily explained the nature of the charges and the likelihood of conviction at trial. Mr. Mollman also discussed the interstate commerce requirement at length with Defendant.

At no time has Defendant asserted a factual defense. For example, Defendant does not claim he was not the person who took the photographs of the minors. He has only recently asserted that under his interpretation of § 2251(a), the government has failed to establish legal guilt. As set forth above, Defendant's new-found interpretation of the statute is misconstrued. Furthermore, Defendant's "mere assertion of innocence, absent a substantial supporting record[,] will not be sufficient to overturn a denial of a motion to withdraw." *United States v. Ludwig*, 972 F.2d 948, 951 (8th Cir. 1992) (quoting *United States v. Clark*, 931 F.2d 292, 295 (5th Cir. 1991)). In sum, the record supports a sufficient factual basis for a guilty plea and Defendant has never asserted factual innocense. Therefore, the second factor is not satisfied.

### *C. Time Between Guilty Plea and Motion to Withdraw*

The third factor to examine in determining whether to set aside a guilty plea is the length of time between the guilty plea and the motion to withdraw. *Embrey*, 250 F.3d at 1183. The guilty plea hearing was held on October 3, 2005, and at the conclusion of the plea hearing, the court made elaborate findings and Defendant waived objections to the Report and Recommendation. On October 6, 2005, the plea was accepted by the undersigned. On May 30, 2006, the Final Draft of the Presentence Investigation Report ("PSIR") was submitted to the court and parties. On June 21, 2006, Defendant filed the instant Motion.

The court finds that the eight-month period between the time Defendant signed his plea agreement and entered his guilty plea and the time he filed the instant Motion is indicative of the fact that he is having belated misgivings about the wisdom of his decision to plead guilty. *See United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) ("The plea of guilty is a solemn act not to be disregarded not to because of belated misgivings about [its] wisdom.") (quoting *United States v. Woosley*, 440 F.2d 1280, 1281 (8th Cir. 1971)). The timing of Defendant's Motion and this factor weigh heavily against Defendant due to the fact he filed his Motion within a month of receiving the PSIR and learning about the United States Probation Office's recommendations for his punishment. *See United States v. Stuttley*, 103 F.3d 684, 686 (8th Cir. 1996) ("Post-plea regrets by a defendant caused by contemplation of the prison term he faces are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea . . . .").

Accordingly, the court finds that this third factor weighs against setting aside Defendant's guilty plea.

### D. Prejudice to the Government

The fourth factor the court must examine in determining whether to set aside Defendant's guilty plea is whether the government would be prejudiced in allowing Defendant to withdraw his guilty plea. *Embrey*, 250 F.3d at 1183. The government has not cited any particular prejudice it will suffer if Defendant is allowed to withdraw his guilty plea. Therefore, the court concludes that the only prejudice that exists is the prejudice that might result from requiring the government to now prepare for trial in a case where the government previously believed it would only need to expend further resources on the sentencing phase of the case. Accordingly, the court finds that this factor weighs neither in favor of nor against allowing Defendant to withdraw his guilty plea.

*E. Conclusion*

After considering the four factors set forth above and pursuant to Federal Rule of Civil Procedure 11(d)(2)(B), the court finds Defendant should not be permitted to withdraw his guilty plea.

*VI. DISPOSITION*

For the foregoing reasons, it is hereby **ORDERED**:

(1) Defendant's Objections (docket no. 45) are **DENIED**;

(2) Chief Magistrate Judge John A. Jarvey's Report and Recommendation (docket no. 35) is **ADOPTED**;

(3) Defendant's Motion to Withdraw Plea of Guilty (docket no. 33) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 4th day of August, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA