**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|        Plaintiff, | No. 05-CR-0074-LRR |
| vs. | |
| ABDEL MAGEED FADL, | **ORDER** |
|        Defendant. | |

_____

## *I.  INTRODUCTION*

Before the court are Defendant Abdel Mageed Fadl's Objections (docket no. 58) to United States Magistrate Judge John A. Jarvey's Report and Recommendation (docket no. 53), which recommends denying Defendant's Second Motion to Set Aside Guilty Plea ("Motion") (docket no. 44).

## *II.  PRIOR PROCEEDINGS*

Many of the prior proceedings in this case are summarized in the court's August 4, 2006 order denying Defendant's Motion to Set Aside Guilty Plea.  (*See* docket no. 54). The court shall not reiterate those proceedings here.

On July 27, 2006, Defendant's new attorney, Rick Sole, filed the instant Motion.[1] Defendant's Motion was referred to Magistrate Judge Jarvey for the purpose of preparing a Report and Recommendation.  On August 2, 2006, Defendant appeared before

_____

[1] On June 21, 2006, Attorney Michael Mollman filed Defendant's original Motion to Set Aside Guilty Plea.  On July 17, 2006, the court granted Defendant's Motion for Substitution of Counsel, and, on July 18, 2006, Rick Sole was appointed to represent Defendant.

Magistrate Judge Jarvey for a hearing on the Motion ("Hearing").  On August 4, 2006, Magistrate Judge Jarvey filed the instant Report and Recommendation.  On August 9, 2006, Defendant filed the instant Objections to Report and Recommendation.

The court has reviewed the pleadings in this matter, as well as a transcript of the August 2, 2006 hearing before Magistrate Judge Jarvey.  The matter is fully submitted and the court now turns to consider it.

## III.  STANDARD OF REVIEW

A district court judge must make a *de novo* determination of those portions of a magistrate judge's report or recommendation to which a party objects.  28 U.S.C. § 636(b)(1); *see, e.g., United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003).  The judge may accept, reject or modify, in whole or in part, the magistrate judge's findings and recommendations.  28 U.S.C. § 636(b)(1).  Because Defendant has made timely objections in this case, the following *de novo* review is required.  *Id.*

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

## IV.  THE LAW

Federal Rule of Criminal Procedure 11 allows a defendant to withdraw a plea of guilty "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).  Although Rule 11(d)(2) permits a defendant to withdraw a guilty plea for any fair and just reason, it "'does not create an automatic right to withdraw a plea.'" *United States v. Gamble*, 327 F.3d 662, 663 (8th Cir. 2003) (quoting *United States v. Kelly*, 18 F.3d 612, 618 (8th Cir. 1994)).  Rather, "[a] defendant bears the burden of establishing such a justification." *United States v. Embrey*, 250 F.3d 1181, 1183 (8th Cir. 2001) (citing *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997)).

> Once the judgment of conviction on a guilty plea becomes final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.  To be voluntary, the plea must be knowingly and intelligently made.  A plea is not 'intelligent' unless the defendant receives 'real notice of the true nature of the charge against him,' and the defendant, his attorney, and the court correctly understood the essential elements of the crime.

*United States v. Morgan*, 230 F.3d 1067, 1070-71 (8th Cir. 2000) (internal citations omitted).  Factors a court must consider in determining whether to withdraw a guilty plea include: (1) whether the defendant has demonstrated a fair and just reason; (2) whether the defendant has asserted his innocence; (3) the length of time between the guilty plea and the motion to withdraw; and (4) whether the government would be prejudiced. *Embrey*, 250 F.3d at 1183 (citing *Prior*, 107 F.3d at 657).

## V. THE MERITS

In the Motion, Defendant argues that his guilty plea should be set aside because his original retained counsel, Attorney Mollman, deceived him and pressured him to sign a plea agreement that contained factual errors. He claims he did not fully understand the plea agreement and was not allowed to correct errors contained within it. On July 10, 2006, the Clerk of Court filed a handwritten letter from Defendant which the Motion incorporates by reference. (*See* docket no. 36). In the letter, Defendant requests a new attorney and complains about Attorney Mollman. Defendant argues that he had only a few minutes to read and sign the plea agreement before entering his guilty plea, he was intimidated into signing it by Attorney Mollman, he understood that he would still be able to argue the motion to suppress and motion to dismiss after the plea hearing,[2] and Attorney Mollman was very difficult to reach and was not returning his calls.

Defendant's Objections are very general. Defendant argues that his plea was involuntary and that he has demonstrated a fair and just reason for withdrawal of his guilty plea. Defendant does not make objections to specific factual findings or legal conclusions in the Report and Recommendation. Even so, the court undertakes a de novo review of his Motion and Objections. *See Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (discussing the Eighth Circuit Court of Appeals' repeated emphasis on the necessity of de novo review, even where a party makes only "'general and conclusory objections that do

---

[2] On September 12, 2005, Defendant filed both a motion to suppress and a motion to dismiss. On September 20, 2005, Defendant sought to withdraw the motion to suppress. On September 21, 2005, and in response to Defendant's motion to withdraw, the court denied the motion to suppress. On October 4, 2005, after the plea hearing, the court denied Defendant's motion to dismiss as moot.

not direct the court to a specific error in the magistrate judge's proposed findings and recommendations'") (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)).

Upon a de novo review of the record, the court finds that Defendant has not shown a fair and just reason to withdraw his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). In addition to the details set forth in the Report and Recommendation and in the court's August 4, 2006 order regarding Defendant's original Motion to Set Aside Guilty Plea, the court now makes the following findings: The court notes that, at the Hearing, Defendant specifically stated that, although he was intimidated by Attorney Mollman, he was not intimidated by Magistrate Judge Jarvey or the prosecutor at the time he signed his plea agreement and entered the guilty plea. At the Hearing, Defendant, once again, admitted his guilt. On cross-examination and in response to a question by Magistrate Judge Jarvey, Defendant admitted taking pornographic photographs of minor boys. Defendant also admitted that he and Attorney Mollman had revised the plea agreement originally offered by the government; the revised version included some departure possibilities that were not originally in the agreement and Defendant had corrected some of the factual stipulations.

The court finds that Defendant has not met his burden. He has not shown a fair and just reason to withdraw his guilty plea, he has not asserted his innocence, and the time period between his guilty plea and the filing of the instant Motion weighs against setting aside the guilty plea. *Embrey*, 250 F.3d at 1183. As such, the court shall overrule Defendant's Objections, adopt the Report and Recommendation and deny Defendant's Motion.

## VI.  DISPOSITION

For the foregoing reasons, it is hereby **ORDERED**:

(1)     Defendant's Objections (docket no. 58) are **DENIED**;

(2)     Chief Magistrate Judge John A. Jarvey's Report and Recommendation (docket no. 53) is **ADOPTED**; and

(3)     Defendant's Second Motion to Set Aside Guilty Plea (docket no. 44) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 10th day of August, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA